**SO ORDERED.**

**Dated: May 13, 2015**

**Madeleine C. Wanslee, Bankruptcy Judge**

Andrea Wimmer, Esq. SBN 025470
MARCO|WIMMER PLC
123 N. Centennial Way, Suite 110
Mesa, AZ 85201
Phone: (480) 275-4894
Fax: (800) 362-3901
awimmer@marcowimmerlaw.com
*Attorney for Debtors*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

In re:

Elizabeth Mary Tandy,

**Debtor.**

**Case No. 2:13-bk-12140-MCW**

**CHAPTER 13 CASE**

**STIPULATED ORDER CONFIRMING PLAN**

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| **1 - 60** | **$340.00** |

The payments are due on or before the 15th day of each month commencing August 15th, 2013. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtor shall provide, directly to the Trustee copies of Debtor's 2013 - 2017

**federal** and **state** income tax returns, including all attachments, forms, schedules and statements, within 30 days of filing them.

(2) **Other Property.** The Debtor shall provide, directly to the Trustee, Debtor's any net, nonexempt 2013 federal and state income tax refunds as a supplemental payment to the plan for the benefit of unsecured priority creditors, then unsecured nonpriority creditors.

**(B) DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

**(C) CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by 11 U.S.C. § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses:

Attorney Fees. Andrea Wimmer, Esq., shall be allowed total compensation of $4,500.00. Counsel received $2,030.00 prior to the date of this Order and will be paid $2,470.00 by the Chapter 13 Trustee. The Debtor paid the Court filing fee.

(2) Claims Secured by Real Property:

*None.*

(3) Claims secured by personal property:

(a) American Honda Finance Corporation secured by a lien in a 2010 Honda Accord EX-6, shall be paid the full balance of $7,348.82 with 4.5% interest. The creditor will receive adequate protection payments of $170.00 per month. Upon receipt of final payment, this Creditor shall release the lien on collateral pursuant to applicable state and federal laws.

(b) Wells Fargo Practice Finance (Proof of Claim No. 14): This is a secured creditor of Palo Verde Periodontics, PLLC and shall not receive any disbursements from the Trustee. Regular post-petition payments will be made by Palo Verde Periodontics, PLLC directly to Wells Fargo Practice Finance.

(4) Unsecured Priority Claims:

(a) The Department of the Treasury/Internal Revenue Service has an unsecured priority claim for income taxes for the 2012 tax year. This creditor will be paid $3,778.47 the

total priority claim of through the plan with no interest. The balance of the claim will be treated as a general unsecured claim pursuant to Section (7) of this Order.

(5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

*None.*

(6) Other Provisions:

(a) Debtor shall file monthly Business Operating Statements with the Court on or before the 15th day of each month commencing Sept 15th, 2013.

(7) Unsecured Allowed Nonpriority Claims. All other claims shall be classified as unsecured and nonpriority. ~~Such~~ claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

RB

**(D) EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 USC §1306.

**ORDER SIGNED ABOVE**

**Approved as to Form and Content by:**

Russell Brown,
Chapter 13 Trustee

Assistant Vice President, Special Assets
Wells Fargo Practice Finance

Andrea Wimmer, Esq.
Attorney for Debtors

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

Elizabeth Mary Tandy